EXHIBIT A

## Commonwealth of Massachusetts

BARNSTABLE, SS.

*Edgewater Beach Resort, A Massachusetts Timeshare Condominium Trust* _____, PLAINTIFF(S),

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *2172CV00097*

v.

*The Armstrong Company, Insurance Consultants,* DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO *The Armstrong Company, Insurance Consultants Co* (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the <u>Barnstable Superior</u> Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a.   Filing your **signed original** response with the Clerk's Office for Civil Business, <u>Superior</u> Court, by mail to P.O. Box 425, or in person to 3195 Main Street, Barnstable, MA  02630, <u>AND</u>

   b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: *Richard F. Whalley, Esq. Cohn, Rios & Anglin, Two Center Plaza, 8th Floor, Boston, MA 02108.*

3.   **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

**Legal Assistance**. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
**Required information on all filings**: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ____4/16____, 2021. (SEAL)

Scott W. Nickerson
Clerk-Magistrate

*Scott W. Nickerson*

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___          Signature: _____.

**N.B.     TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

## COMMONWEALTH OF MASSACHUSETTS

**BARNSTABLE, SS.**

**SUPERIOR COURT**
**CIVIL ACTION**
**NO.** 2172CV00097

| | |
|---|---|
| **EDGEWATER BEACH RESORT, A** | ) |
| **MASSACHUSETTS TIMESHARE** | ) |
| **CONDOMINIUM TRUST,** | ) |
| Plaintiff | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE ARMSTRONG COMPANY,** | ) |
| **INSURANCE CONSULTANTS,** | ) |
| Defendant | ) |

## COMPLAINT AND JURY TRIAL DEMAND

### PARTIES

1.      The Plaintiff, Edgewater Beach Resort, a Massachusetts Timeshare Condominium Trust ("Edgewater"), has a principal place of business located at 95 Chase Avenue, Dennisport, MA.

2.      The Defendant, The Armstrong Company, Insurance Consultants ("Armstrong"), is an insurance consulting/brokerage firm with a principal place of business located at 2780 Skypark Drive, Suite 440, Torrance, CA.

### JURISDICTION

3.      Jurisdiction is proper as the plaintiff's claims herein arise out of the defendant engaging in one or more of the following activities: (a) transacting business in the Commonwealth, (b) contracting to supply services or things in the Commonwealth, (c) causing tortious injury by an act or omission in the Commonwealth, and/or (d) causing tortious injury in the Commonwealth by an act or omission outside the Commonwealth as defendant regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the Commonwealth.  Venue is proper as the plaintiff has a principal place of business in Barnstable County.

## FACTUAL BACKGROUND

4.      Armstrong acted as Edgewater's insurance consultant/broker for many years prior to April 14, 2018 relative to the procurement of Edgewater's commercial insurance, including the procurement of commercial property insurance on Edgewater's property, including all buildings situated thereon, at 95-98 Chase Avenue, Dennisport, MA ("the property").

5.      For the policy years April 1, 2014 to April 1, 2017, Armstrong obtained a commercial property policy for Edgewater on the property through Westchester Surplus Lines Insurance Company ("Westchester") that provided $3,500,000.00 building, $760,000.00 business personal property and $900,000.00 business income/rental loss coverage. This policy included an occurrence limit of liability endorsement, form ACE063 (10/06), that provided blanket limit coverage to Edgewater.

6.      Armstrong subsequently obtained a renewal policy for Edgewater on the property for the April 1, 2017 to April 1, 2018 policy period, also through Westchester, that provided the same building, business personal property and business income/rental loss coverage as had been written on the aforementioned April 1, 2014 to April 1, 2017 policy. However, unbeknownst to Edgewater, the April 1, 2017 to April 1, 2018 renewal policy replaced the occurrence limit of liability endorsement, form ACE063 (10/06), with a new and far more restrictive endorsement, form ACE063 (07/16), which effectively removed the blanket limit coverage that had been in effect on the April 1, 2014 to April 1, 2017 policy. Armstrong never disclosed, discussed or advised Edgewater, at any point in time, that it was unable to place coverage as it had agreed to place (and as reflected in the prior policy) for the April 1, 2017 to April 1, 2018 policy term. Furthermore, Armstrong never informed Edgewater, at any point in time, that the new occurrence limit of liability endorsement included in the April 1, 2017 to April 1, 2018 policy, form ACE063 (07/16), eliminated Edgewater's blanket coverage and could result in a severe reduction of available coverage in the event of a property loss at the property.

7.      Armstrong renewed the policy again for the April 1, 2018 to April 1, 2019 policy term, although the renewal policy for this term was not received by Edgewater until after April 14, 2018. Again, this renewal policy contained the very same restrictive endorsement, form ACE063 (07/16), and Armstrong never informed Edgewater, at any point in time, that application of this endorsement eliminated the blanket coverage that had been in place on the April 1, 2014 to April 1, 2017 policy. Similarly, Armstrong never explained to Edgewater, at any point in time, how application of this new and far more restrictive endorsement could result in a severe reduction of available coverage in the event of a property loss at the property.

8.      On or about April 14, 2018, the property sustained extensive loss by reason of fire. During adjustment of the loss, Westchester raised the more restrictive occurrence limit of liability endorsement, form ACE063 (07/16), as a basis to severely reduce the available coverage for Edgewater flowing from the loss.

9.      Edgewater, through counsel, negotiated the claim with Westchester, but was forced to accept far less for its claims flowing from the April 14, 2018 fire loss due to the uncertainty

2

created by potential application of the far more restrictive endorsement had Edgewater litigated the matter against Westchester.

<div align="center">

**COUNT I**
**BREACH OF EXPRESS CONTRACT**

</div>

10.     Edgewater repeats and incorporates herein by reference paragraphs 1 through 9 of this Complaint.

11.     Armstrong expressly agreed, for valid consideration, to procure renewal coverage for Armstrong that provided the same coverage that had been provided under the April 1, 2014 to April 1, 2017 policy Armstrong had procured for Edgewater through Westchester.  Armstrong also had an express contractual obligation, under general principal-agent law, to advise Edgewater that it was unable to procure coverage it had agreed to procure for Edgewater as reflected in the April 1, 2014 to April 1, 2017 policy.

12.     Armstrong breached its express contractual obligations to Edgewater.

13.     As a direct and proximate result of Armstrong's breach of contract, Edgewater has sustained damage.

        WHEREFORE, Edgewater demands judgment against Armstrong for all sums deemed reasonable and proper, including consequential damages, interest and costs.

<div align="center">

**COUNT II**
**BREACH OF IMPLIED CONTRACT**

</div>

14.     Edgewater repeats and incorporates herein by reference paragraphs 1 through 13 of this Complaint.

15.     Armstrong had an implied contractual obligation to provide renewal coverage for Edgewater that was the same as the expiring April 1, 2014 to April 1, 2017 policy.  Conversely, Armstrong had an implied contractual obligation, under general principal-agent law, to advise Edgewater that it was unable to procure coverage it had agreed to procure for Edgewater as reflected in the April 1, 2014 to April 1, 2017 policy.

16.     Armstrong breached its implied contractual obligations to Edgewater.

17.     As a direct and proximate result of Armstrong's breach of contract, Edgewater has sustained damage.

        WHEREFORE, Edgewater demands judgment against Armstrong for all sums deemed reasonable and proper, including consequential damages, interest and costs.

<div align="center">3</div>

## COUNT III
## NEGLIGENCE

18.     Edgewater repeats and incorporates herein by reference paragraphs 1 through 17 of this Complaint.

19.     Armstrong had a duty to act with reasonable care in its handling of Edgewater's commercial insurance on the property.

20.     Armstrong breached its duty of reasonable care.

21.     As a direct and proximate result of Armstrong's breach of its duty of reasonable care, Edgewater has sustained damage.

WHEREFORE, Edgewater demands judgment against Armstrong for all sums deemed reasonable and proper, including consequential damages, interest and costs.

## COUNT IV
## NEGLIGENCE – HEIGHTENED DUTY

22.     Edgewater repeats and incorporates herein by reference paragraphs 1 through 21 of this Complaint.

23.     Based on its holding itself out to Edgewater as an insurance consultant, the length of its business relationship with Edgewater and other factors considered by courts throughout the country, Armstrong undertook a so-called heightened duty of care in its relationship with Edgewater.

24.     Armstrong breached its heightened duty of care owed to Edgewater.

25.     As a direct and proximate result of Armstrong's breach of its heightened duty of care, Edgewater has sustained damage.

WHEREFORE, Edgewater demands judgment against Armstrong for all sums deemed reasonable and proper, including consequential damages, interest and costs.

## COUNT V
## VIOLATION OF M.G.L. c.93A, §§ 2 AND 11

26.     Edgewater repeats and incorporates herein by reference paragraphs 1 through 25 of this Complaint.

27.     Both Edgewater and Armstrong were, at all times relevant, engaged in trade or commerce.

4

28.     Armstrong has asserted a wholly frivolous and bad faith defense to its clear liability to Edgewater herein.  Specifically, Armstrong alleges that Edgewater should have updated its values and, if it had done so, it would not have sustained an underinsured loss at the property as a result of the April 14, 2018 fire.

29.     Regardless of whether Edgewater updated its values, the fact remains that the only reason Edgewater sustained an extensive underinsured loss as a result of the April 14, 2018 fire was due to application of the new, highly restrictive occurrence limit of liability endorsement that Armstrong failed to disclose to Edgewater.

30.     Armstrong's blatant attempt to avoid liability in this matter when it is beyond clear that its failure to disclose the new, highly restrictive endorsement directly caused Edgewater's underinsured loss, constitutes conduct that violates the standard of liability applicable to a M.G.L. c. 93A, § 11 claim.

31.     As a direct and proximate result of Armstrong's violation of M.G.L. c. §§ 2 and 11, Edgewater is entitled to an award of double/treble damages, attorneys' fees and costs.

        WHEREFORE, Edgewater demands judgment against Armstrong for all sums deemed reasonable and proper, including consequential damages, double/treble damages, attorneys' fees, interest and costs.

## JURY TRIAL DEMAND

        The plaintiff, Edgewater Beach Resort, a Massachusetts Timeshare Condominium Trust, hereby claims and demands a trial by jury as to all issues so triable.

<div style="margin-left:40%">

The Plaintiff,
Edgewater Beach Resort, a
Massachusetts Timeshare
Condominium Trust,
By its attorney:

Richard F. Wholley, Esq.
Cohn, Rios & Anglin
Two Center Plaza, 8th Floor
Boston, MA   02108
(617) 723-1720
rfw@cohnriosanglin.com
BBO # 556386

</div>

5

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2172CV00097 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Edgewater Beach Resort, a Massachusetts Timeshare Condo. Trust | | COUNTY Barnstable |
|---|---|---|

**PLAINTIFF(S):** Edgewater Beach Resort, a Massachusetts Timeshare Condo. Trust
**ADDRESS:** 95 Chase Avenue
Dennisport, MA 02639

**DEFENDANT(S):** The Armstrong Company, Insurance Consultants
2780 Skypark Drive, Suite 440
Torrance, CA 90505

**ATTORNEY:** Richard F. Wholley, Esq.
**ADDRESS:** Cohn, Rios & Anglin
Two Center Plaza, 8th Floor
Boston, MA 02108

**ADDRESS:**

**BBO#:** 556386

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Property Damage | F | ☒ YES   ☐ NO |

**\*If "Other" please describe:**

| Is there a claim under G.L. c. 93A? | Is this a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES   ☐ NO | ☐ YES   ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $
2. Total doctor expenses .............................................................. $
3. Total chiropractic expenses ....................................................... $
4. Total physical therapy expenses .................................................. $
5. Total other expenses (describe below) ........................................... $
                                      Subtotal (A): $
B. Documented lost wages and compensation to date ................................ $
C. Documented property damages to date ........................................... $483,717.21
D. Reasonably anticipated future medical and hospital expenses ................... $
E. Reasonably anticipated lost wages .............................................. $
F. Other documented items of damages (describe below) ........................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff sustained underinsured property loss as a result of an April 14, 2018 fire at its property due to defendant's
negligence and breach of contract.

                TOTAL (A-F):$483,717.21

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

See description in "G" above.

                TOTAL: $ 483,717.21

**Signature of Attorney/ Unrepresented Plaintiff: X** _[signature]_      **Date:** 3/23/21

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _[signature]_      **Date:** 3/23/21

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (A) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2172CV00097 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Edgewater Beach Resort, a Massachusetts Timeshare Condominium Trust vs. The Armstrong Company, Insurance Consultants | Scott W. Nickerson, Clerk of Court Barnstable County |
|---|---|
| TO: Richard F Wholley, Esq. Cohn, Rios and Anglin 2 Center Plaza Suite 800 Boston, MA 02108 | COURT NAME & ADDRESS Barnstable County Superior Court 3195 Main Street Barnstable, MA 02630 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/22/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 07/22/2021 | |
| All motions under MRCP 12, 19, and 20 | 07/22/2021 | 08/23/2021 | 09/20/2021 |
| All motions under MRCP 15 | 07/22/2021 | 08/23/2021 | 09/20/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/18/2022 | | |
| All motions under MRCP 56 | 02/17/2022 | 03/21/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/18/2022 |
| Case shall be resolved and judgment shall issue by | | | 03/24/2023 |

**The final pre-trial deadline is not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 03/24/2021 | ASSISTANT CLERK Scott W Nickerson | PHONE (508)375-6684 |
|---|---|---|

Date/Time Printed 03-24-2021 15:53:24                                                                                      SCV026\ 08/2018